## FELLERMAN v. GOLDBERG.

(Supreme Court, Appellate Term.    June 28, 1899.)

1. PARTNERSHIP—DISSOLUTION—AGREEMENT TO PAY OUTSTANDING DEBTS.

An agreement of a co-partner, on a dissolution, "to pay all outstanding indebtedness" of the firm, includes bills for goods received by the firm, but not entered on the firm books, or within the knowledge of such co-partner, where no fraud or concealment on the part of the retiring partner is shown.

2. EXTRINSIC EVIDENCE—CONSTRUCTION OF WRITTEN AGREEMENT.

Extrinsic evidence is not admissible to explain a partner's agreement, on the dissolution of the firm, "to pay all outstanding indebtedness" of the firm.

3. PARTNERSHIP—AGREEMENTS ON DISSOLUTION.

An agreement of the outgoing partner, on a dissolution, to pay to the continuing co-partner half of the outstanding accounts which are "not collected or collectible," does not require a suit to establish the uncollectibility of a claim uncollected after a reasonable length of time, during which an attempt has been made to collect it through attorneys.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Abraham Fellerman against Julius Goldberg to recover a claim arising out of a dissolution of the partnership between them. From a judgment for plaintiff, defendant appeals.    Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Abraham L. Spiro, for appellant.

Aaron Levy, for respondent.

LEVENTRITT, J.    On the 26th day of April, 1898, the plaintiff and the defendant, who had theretofore been engaged in business as co-partners, entered into an agreement of dissolution.    By its terms the plaintiff succeeded to the business, and agreed "to pay all outstanding indebtedness of said co-partnership; but, in the event any of said outstanding accounts are not collected or collectible, then the party of the second part [the defendant] agrees to pay to the party of the first part [the plaintiff] one-half thereof."    It was therein further provided that all disputes, claims, and demands between the parties had been adjusted and settled.    After the dissolution, the plaintiff was required to pay two debts incurred for merchandise delivered to the firm, aggregating $124.60.    The co-partnership books contained no entry of either, and the plaintiff disavows any notice or knowledge of them until after the retirement of the defendant.    This suit was brought to recover one-half of that amount, and for the further sum of $8.62, being one-half of an uncollected outstanding account of the firm.    This latter claim the plaintiff had placed in the hands of attorneys who failed to realize thereon.    It does not appear what efforts were made to collect.    The plaintiff had judgment below in the sum of $70.92, the full amount sued for.    This disposition of the cause was erroneous in so far as it granted recovery for one-half the amount of the bills paid by the plaintiff.    These were introduced in evidence, and both bear dates anterior to the dissolution.

They were thus, clearly, an "outstanding indebtedness of said co-partnership." There is no pretense or proof of any fraud or concealment on the part of the defendant. It is undisputed that the firm had the benefit of the merchandise represented by the bills. The agreement is clear, definite, and unambiguous. The plaintiff undertook to pay all outstanding accounts, and it would be destructive of the manifest intent of the parties to fasten liability for any of them on the defendant. Granted that the plaintiff entered into the dissolution, and assumed the obligation in ignorance of the existence of that indebtedness, it lay in his power to protect himself by incorporating in, and annexing to, the contract a schedule of the liabilities he intended to assume.

The respondent asks us to spell out from statements contained in letters from the appellant's attorney an intention at variance with the positive language of the agreement. No such rule of construction can be applied. It is only where the intention is obscure or doubtful that extrinsic evidence, in the form of admissions or acts of the parties subsequent to the execution of an agreement, can be invoked to clarify ambiguously expressed meaning. But, where the intent is plain and certain, such evidence is incompetent. Lowber v. Lerov. 2 Sandf. 202; Topliff v. Topliff, 122 U. S. 121, 7 Sup. Ct. 1057. The plaintiff's recovery should have been limited to one-half the uncollected claim. His right to this is attacked on the ground that no efforts were made to enforce payment by suit, and hence that its uncollectibility has not been established. The vice in this argument is that it overlooks the word "collected" in the condition governing the defendant's obligation to pay. Under the agreement, it arises if the "accounts are not collected or collectible." The use of the alternative indicates that it was not contemplated that the plaintiff should demonstrate by suit and unsatisfied execution that the account was uncollectible, but that the condition should be regarded as satisfied if the account was uncollected after a reasonable lapse of time. It is questionable whether, under this language, plaintiff was obliged to adopt any steps to realize. The fact that he sought to collect the claim through his attorneys, and that it matured at least five months before this suit, is sufficient to make the defendant answerable for his stipulated half share. The judgment must be modified by reducing it to the sum of $8.62.

Judgment modified by reducing it to the sum of $8.62; and, as modified, affirmed, without costs of this appeal to either party. All concur.